MoIlvaine, J.
The following questions are raised upon the record before us:
1. Is a judgment rendered against an insane person, in favor of one who has knowledge of the insanity, without the interposition of a guardian for the suit, absolutely void ?
2. In an action in aid of execution, can such judgment be impeached by a subsequently appointed guardian of the insane judgment debtor, without alleging fraud or unfairness cm the part of the judgment creditor ?
3. Where the estate of such insane judgment debtor is insolvent, can a preference over other creditors be secured by a proceeding in aid of execution commenced before the inquest of insanity ?
1. An insane person may be sued and jurisdiction over his person acquired by the like process as if he were sane. But when it is made to appear to the court that a party to the suit is insane, it is made the duty of the court by statute (8. & C. 385, sec. 7) to appoint a trustee to prosecute or defend the suit for and on behalf of such insane party. And, indeed, before the statute, it was the duty of the court to appoint a guardian ad Litem for an insane party. Sturgis v. Longworth, 1 Ohio St. 554. And no doubt it is the duty of a plaintiff, who sues an insane person if he has knowledge of the insanity, to inform the court thereof. But the failure to perform any of these duties does not affect the jurisdiction of the court, but only the regularity of the proceedings. Therefore it is, that the jndgment.'of a court having jurisdiction of the subject-matter of the suit, and of the person of such party, notwithstanding such irregularity, is not absolutely void.
2. The Code of Civil Procedure, section 534 et seq., pro *249 vides a remedy by a proceeding in the court rendering-the judgment “ for erroneous proceedings against ... a person of unsound mind, where the condition of the defendant does not appear upon the record nor the error in the proceedings.” But in pursuing this remedy, the judgment can not be vacated or modified until it is adjudged that there is a valid defense to the action. And there is no doubt that equity will also furnish a remedy by original bill in a ease where the proceeding of the code can not be had; but in such case it would be necessary to show that the judgmeut, through some fraud or unfairness, was such as in equity and good conscience should not stand. If, therefore, the answer of the defendant below could be treated as a cross-petition to set aside the judgmeut, it was defective in not alleging fraud or unfairness in the judgment sought to be set aside.
3. The statute requires that the insolvent estate of an insane person shall be settled by the guardian'in like manner as is required by law for the settlement of the insolvent estate of a deceased person. Now, it is conceded that in the settlement of jin insolvent estate of a deceased person, the liens and preferences secured by creditors in the lifetime of their debtor must be protected; but it is contended that no lien or preference can be acquired by one creditor of an insane person over other creditors at any time after insanity supervenes, any more than such preference might be obtained after the death-of an insolvent debtor.
We think otherwise. The estate of an insane person passes to his guardian, by relation, as of the date of the adjudication of insanity, as, in case of a deceased person, it passes to the executor or administrator, as of the date of the death. So that any lien or preference obtained by a creditor, before the inquest of insanity, must be respected by the guardian to the same extent that such preference secured in the lifetime of an insolvent debtor must be respected by his representatives.
We find’no error in the rulings or judgment of the district court. Motion overruled.